**In re Condemnation of Olson Property**

*J. Peirce Anderson,* for Whitpain Township.
*Albert C. Oehrle,* for Margaret L. Olsen.
*Jeffrey B. Albert,* for Rouse/Chamberlain Inc.

SUBERS, *J.,* May 21, 1990 — This matter is appellants' appeal from the court's order dismissing their preliminary objections. Appellants are condemnee, Margaret L. Olson, the owner of real property at 1098 Skippack Pike, Blue Bell, Pennsylvania, and the equitable owner, Rouse/Chamberlain Inc. The appellee is Whitpain Township, a township of the second class situated in Montgomery County, Pa.

On September 5, 1985, the township filed a declaration of taking for the Olson property. On October 4, 1985, Olson's preliminary objections to the declaration of taking were sustained. On May 26, 1988, the township's Board of Supervisors enacted ordinance 181, which declared the intention to condemn 42.7 acres of the Olson property in order to expand public buildings and parks and to create open space and recreational facilities. On July 29, 1988, Olson entered into an agreement of sale with Rouse/Chamberlain for approximately 49.9 acres of land, which included the acres subject to ordinance 181. Under the agreement, the sale was conditioned upon a successful challenge to the condemnation of the property.

On October 3, 1988, the township filed a second declaration of taking of the Olson property. Prelim-

inary objections were filed by the equitable owner on October 31, 1988 and by Mrs. Olson on November 1, 1988. A hearing was held before this court on June 5, 1989. On January 3, 1990, we dismissed the preliminary objections of appellants.

Appellants have filed their concise statements of matters complained of on appeal under Pennsylvania Rule of Appellate Procedure 1925(b), which provides as follows:

*"Direction to file statement of matters complained of.* The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of in the appeal no later than 14 days after entry of such order."

## ISSUES

(1) Does the Second Class Township Code, 53 P.S. §65101, et seq., authorize the township to condemn land for recreational use?

(2) Did the municipality fail to establish a legal basis for taking 42.7 acres of the Olson property?

(3) Did the municipality fail to demonstrate a need to condemn property for recreational use?

(4) May a second class township condemn property for use as open space without showing how much land is needed?

## DISCUSSION

Appellants contend that a township of the second class has no authority to condemn land for recreational purposes. We disagree.

The township's municipal powers are set forth in the Second Class Township Code, 53 P.S. §65101

et seq. Title 53 P.S. §66901 provides a second class township with the following power:

"The supervisors of any township may by ordinance separately or jointly designate and set apart for use as parks, playgrounds, play fields, gymnasiums, public baths, swimming pools, or indoor recreation centers, hereinafter called public parks, recreational areas and facilities, any lands or buildings, owned by such township, and not dedicated or devoted to other public use. *Such township may, in such manner as may be authorized or provided by law for the acquisition of lands or buildings for public purposes in such township, acquire lands or buildings therein for any of such purposes or construct* and equip new facilities upon such lands. . ." (emphasis supplied)

The authority for the principle of law that second class townships have the authority to acquire land by condemnation is found in *In re Condemnation by the Township of Heidelberg for Footpath, Alleyway and Bridge Purposes,* 58 Pa. Commw. 321, 428 A.2d 282 (1981). Therefore, as the acquisition of land by condemnation is authorized by law, second class townships have the power to condemn land for recreational purposes.

Appellants' second argument concerns the township's exercise of its condemnation power. They specifically argue that the municipality (1) established no legal basis for taking 42.7 acres, (2) established no need for taking the property for recreational purposes, and (3) failed to demonstrate the precise amount of land required for recreational purposes.

Courts cannot interfere with the exercise of the power of eminent domain by an entity possessing such power, in the absence of proof of fraud, collusion, bad faith or arbitrary action equating

abuse of discretion. *Heidelberg, supra,* 58 Pa. Commw. at 328, 428 A.2d at 286 (1981). The burden is heavy upon one attempting to show bad faith or an abuse of discretion. *Heidelberg,* 58 Pa. Commw. at 329, 428 A.2d at 286.

Appellants in the case at bar have not met their high burden. The township has established a need for additional recreational facilities. The township manager testified that the Township Planning Commission was advised by the Delaware Valley Regional Planning Commission and the Montgomery County Planning Commission that, considering the township's size and projected growth, it should plan for recreational development. Requests for additional facilities by recreation associations and boards became more frequent after a township park was closed because of asbestos problems. The township also wanted to acquire land for municipal purposes. The Olson property was selected because it was located near the township building. The township's idea was to provide a centralized government and recreational facility that all township residents would know was at the township building site. The township also received a four-year grant from the Montgomery County Planning Commission.

Appellants have not shown fraud, bad faith, collusion or abuse of discretion by the township. Therefore, we cannot interfere with the extent of the township's condemnation.

## CONCLUSION

The decision of this court was proper and it should, therefore, be affirmed.